IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CHAPTER 11 |
| D & N Electric, A Carter Brothers Company | § § § § | CASE NO. 16-72113-CRM |
| Debtor. | § | |

MOTION FOR (A) AUTHORITY TO USE CASH COLLATERAL (B) TO PROVIDE FOR ADEQUATE PROTECTION THEREFOR AND (C) REQUEST EMERGENCY PRELIMINARY HEARING

**COMES NOW,** D & N Electric, a Carter Brothers Company, debtor and debtor-in-possession (the "Debtor") in the above styled case (the "Case"), by and through its undersigned counsel, and files this Motion, respectfully showing the Court as follows:

### RELIEF REQUESTED

1. By this Motion, the Debtor requests the entry of an order authorizing the Debtor to use Cash Collateral and for the entry of an Interim Order Authorizing Use of Cash Collateral to avoid immediate and irreparable harm pending a final hearing on this motion. The Debtor is also separately seeking authority to pay a pre-petition claim in the amount of $428,501 to IBEW Local 613 which is a critical vendor of the Debtor and which is the subject of a separate motion. For the reasons set forth below, the Debtor requests authority to use cash collateral.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.    On December 11 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtor continues to operate its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.    No trustee or examiner has been appointed in these bankruptcy cases.  No request has been made for the appointment of a trustee or examiner.  No Committee has been appointed in this Case.

5.    Filed contemporaneously with this Motion and in support hereof is the Declaration of Rockney Carter ("Carter Declaration"). As set forth in the Carter Declaration, the Debtor is an Atlanta based electrical contractor serving owners, developers and general contractors in the Southeast with its principal place of business located at 3015 RN Martin Street, East Point, Georgia 30344.  At present, the Debtor has approximately 170 employees.

6.    The Debtor was founded in 1970, and acquired by Carter Brothers in 2014.  The Debtor is one of the largest minority-owned electrical installation providers in the Southeast.

7. Although the Debtor has a long and successful history of operations, two business problems have led to the filing of this Chapter 11 Case. First, as noted above, the Debtor was acquired by Carter Brothers in 2014. The Debtor has, or intends to, assert claims against the prior owners of the Debtor for fraud and breach of contract in connection with that acquisition. In particular, the Debtor believes that there were material misstatements and omissions in the Debtor's financial records and that it is entitled to significant damages from the prior owners. Certain of these claims are already the subject of pending litigation. The Debtor believes that its damages arising from these claims are at least $3 Million (the "Litigation Claims").

8. Second, the Debtor has certain contracts which have proven to be unprofitable. The Debtor is carefully reviewing all of its contracts to determine whether to accept or reject such contracts and has already decided to reject one contract with Walbridge Aldinger Company which will be the subject of a separate Motion to Reject.

### REQUEST FOR USE OF CASH COLLATARAL OF BOFA

9. The Debtor has a loan with Bank of America ("BofA"). The balance of the loan as of the Petition Date is approximately $2,000,000. BofA asserts a first lien against all business assets of D&N including proceeds of the Debtor's cash collateral.

10. As of the Petition Date, the outstanding balance of the Debtor's Accounts Receivable owed to the Debtor was approximately $2.5 Million. Of that sum, at least approximately $660,000 is owed by Walbridge pursuant to the contract being rejected by the Debtor and at least approximately $950,000 is owed by United Consolidated Group

3

and is the subject of pending litigation. The Debtor believes that these are valid debts owed to it. The Account Receivable Balance is also subject to adjustments for change orders and other adjustments and is updated periodically by the Debtor.

11. In addition to asserting liens against the business assets of the Debtor, BofA also asserts a first priority security interest against the Debtor's headquarters building which is owned by MGA, Inc. (the "East Point Building"). MGA is partially owned by an individual which has an ownership interest in an affiliate of the Debtor. The Debtor believes that the East Point Building is worth between $1.5 and $2.0 Million.

12. Finally, the Debtor is advised and informed that the Debtor asserts a lien against an affiliate of the Debtor further securing its claims.

13. The Debtor's accounts receivable, cash and proceeds thereof may constitute "cash collateral" of BofA, as that term is defined in 11 USC section 363(a). To the best of the knowledge information and belief of the Debtor, BofA is the only secured creditor asserting a lien against the Debtor's cash proceeds.

14. Unless authorized to use the Cash Collateral in the ordinary course of business, Debtor's operations will be impaired and Debtor's ability to reorganize will be jeopardized. Indeed, if the Debtor does not obtain permission to use cash collateral it will be required to cease all operations and terminate its work force.

15. A proposed budget is attached as Exhibit "A" to the Carter Declaration and incorporated herein by reference.

16. As adequate protection for any interest lenders with valid security interests may have in cash collateral, Debtor proposes that BofA be granted a security interest in and lien upon Debtor' post-petition accounts receivable and proceeds to the same extent

4

and priority as its pre-petition lien and interest in its pre-petition collateral, continuation of the lien and security interest held by such lender in its pre-petition Collateral; that the Debtor's ability to use cash collateral be in accordance with the Budget attached to the Carter Declaration as Exhibit "A"; and provision of Debtor's monthly operating reports required by the United States Trustee and filed with this Court.  In addition, BofA's interests are adequately protected through its asserted security interests in the East Point Building and against an affiliate of the Debtor.

WHEREFORE, Debtor moves this Court for the entry of an Order authorizing Debtor's use of cash collateral, and for such other and further relief as may be just and proper.

## REQUEST FOR EMERGENCY PRELIMINARY RELIEF

17. The Debtor has an immediate need for the use of cash collateral for critical operating expenses prior to the scheduling of a final hearing on this Motion.

18. Unless authorized to use cash collateral during the mandatory fourteen (14) day period prior to a final hearing on this Motion, Debtor's operations will be immediately harmed and Debtor's ability to reorganize significantly impaired.

19. Conduct of an emergency preliminary hearing on this Motion and interim authorization of Debtor's use of cash collateral, are necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing.

20. Attached as Exhibit "A" is a proposed Interim Order Authorizing Use of Cash Collateral Pending Final Hearing which is currently under negotiation with counsel for BofA.

5

WHEREFORE, the Debtor requests that this Court schedule an emergency preliminary hearing on this Motion and authorize Debtor's use of cash collateral on an interim basis, pending a final hearing on same.

Dated:  December 23, 2016.	Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

/s/ Henry F. Sewell, Jr.
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Proposed Counsel for the Debtor

Law Offices of Henry F. Sewell, Jr., LLC
Suite 200, 3343 Peachtree Road NE
Atlanta, GA 30326
(404) 926-0053
hsewell@sewellfirm.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under penalty of perjury that he has served a true and correct of the foregoing "*Emergency Motion for an Order Shortening Notice and Scheduling Expedited Hearing*" via the Court's ECF system, if such party is registered, or via first class U.S. Mail, with adequate postage prepaid, on the following persons or entities at the addresses stated:

Viveon E. Kelley, Esq.
Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
*Via ECF*

Paul M. Alexander
William DuPre, IV
Miller & Martin PLLC
Suite 2100 ,1180 West Peachtree Street, N.W.
Atlanta, GA 30309
(404) 962-6100
Bill.DuPre@millermartin.com
Paul.Alexander@millermartin.com
*Via ECF*

Antony L. Sanacory
Hudson Parrott Walker, LLC
Fifteen Piedmont Center, Suite 850
3575 Piedmont Road
Atlanta, GA 30305
404-554-8194
404-554-8171 (fax)
asanacory@hpwlegal.com
*Via ECF*

7

Ronald A. Levine
Barrett Daffin Frappier Levine & Block
Suite 240 - Centrum at Glenridge
780 Johnson Ferry Road
Atlanta, GA 30342
(404) 231-4567
rlevine@levineblock.com
*Via ECF*

Dated:  December 23, 2016.	Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Proposed Counsel for the Debtor

Law Offices of Henry F. Sewell, Jr., LLC
Suite 200, 3343 Peachtree Road NE
Atlanta, GA 30326
(404) 926-0053

8

**EXHIBIT A**

**PROPOSED ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| D & N Electric, A Carter Brothers Company | § § | CASE NO. 16-72113-CRM |
| | § | |
| Debtor. | § § | |

**FIRST INTERIM ORDER GRANTING MOTION FOR (A) AUTHORITY TO USE CASH COLLATERAL AND NOTICE OF HEARING ON ENTRY OF <u>FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL</u>**

**IT APPEARING TO THIS COURT** that on December 23, 2016, D & N Electric, a Carter Brothers Company (the "Debtor"), filed its "Motion for (A) Authority to Use Cash Collateral (B) To Provide Adequate Protection Therefor and (C) Request for Emergency Interim Hearing" (the "Motion") (Docket No. \_\_\_\_); and

10

**IT FURTHER APPEARING TO THIS COURT** that the Court entered its "Order Shortening Notice and Scheduling Interim Hearing" on the Motion (the "Order and Notice")(Docket No.   ) in which the Court scheduled an interim hearing on the Motion at    . on December, 2016 and that the Motion came on for hearing before the Court at that date and time (the "Interim Hearing"); and

**IT FURTHER APPEARING TO THIS COURT** that Notice of the Interim Hearing was given in accordance with the terms of the Order and Notice; and that sufficient notice of the Interim Hearing was given; it appears to the Court as follows:

A. On December 11, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court, and is continuing to manage its assets as debtor-in-possession, pursuant to 11 U.S.C. §§ 1107 and 1108.

B. The Debtor is an electrical contractor and subcontractor which has approximately 170 employees.

C. Prior to, on and after the Petition Date, the Debtor is entitled to collect the cash proceeds from the use and sale of the Pre-Petition Collateral (the "Cash Collateral"). The Debtor now seeks to use the Cash Collateral to operate its business.

D. The Debtor asserts that it is in the continued best interest of the estate and its creditors that the Debtor be permitted to use Cash Collateral in the manner provided for herein.

E. Notice of this Motion has been provided to necessary parties in compliance with Federal Rules of Bankruptcy Rule 4001(b)(2). Based upon the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. **Usage Period.** Subject to the terms and conditions contained herein, the Debtor is authorized to use Cash Collateral through the date of the final hearing on the Debtor's Motion to Use Cash Collateral.

2. **Projected Use of Cash.** Unless a senior secured creditor holding a security interest in the cash collateral shall otherwise agree in writing, the amount of Cash Collateral which the Debtor may use during the Usage Period shall not exceed one hundred and ten percent (110%) of each line item set forth in the budget attached as **Exhibit "A" to the Carter Declaration** (the "Budget"). In the event that the Debtor develops a surplus in regard to any line item, the Debtor may apply said surplus to a separate line item where the Debtor anticipates exceeding the line item limitation.

3. **Authorized Disbursements.** The Debtor shall only be authorized to use Cash Collateral for the actual and necessary expenses of operating the Debtor and conducting the Debtor's business affairs pursuant to the Budget, as set forth above. Unless otherwise authorized by order of the Court, the Debtor shall not use Cash Collateral for the payment of any pre- petition indebtedness or obligations of, or pre-petition claims against, the Debtor.

4. **Lien on Post-Petition Collateral.** Pursuant to 11 U.S.C. §§ 361 and 363, to the extent that the Debtor uses Cash Collateral, each existing senior secured lender is granted a continuing valid, attached, choate, enforceable, perfected and continuing security interest in, and lien upon, all post-petition assets of the Debtor of the same type and to the same extent as (i) the collateral securing the Debtor's indebtedness to such creditor prior to the Petition Date the "Post-Petition Collateral"). The priority of said security interests in, and

liens upon, the Post-Petition Collateral shall be the same priority as existed in and upon the Pre-Petition Collateral. The liens and security interests granted by this Order shall, upon entry of this Order, continue to be perfected as of the Petition Date, without regard to applicable federal, state or local filing and recording statutes, and without further action of any party; provided, however, that the described replacement liens shall not attach to claims or causes of action of the Debtor that arise solely under Chapter 5 of the Bankruptcy Code..

6. **Validity of Collateral Claims.** Nothing herein shall be deemed an admission by the Debtor as to the extent, validity or perfection of any creditor's security interests in the Pre- Petition Collateral, the Post-Petition Collateral or the Cash Collateral. In the event any creditor's security interests in, or lien upon, the Pre-Petition Collateral is reduced or invalidated by order of this Court, then its security interests in, and liens upon, the Post-Petition Collateral granted by this Order shall be reduced or invalidated commensurately.

7. **Deposits of Cash Collateral.** All Cash Collateral shall be deposited in the Debtor's debtor-in-possession Operating Account.

9. **Payment of Employee Taxes.** As a condition to issuing any payroll to employees during the pendency of this Case, Debtor's CEO shall first either pay or deposit in the Debtor's debtor-in-possession account all local, state and federal taxes, including withholding taxes, Social Security taxes and Medicare taxes related to such payroll (the "Related Taxes") and deliver to the United States Trustee a certification under penalty of perjury that the Debtor either (a) has paid all Related Taxes regarding such payroll or (b) has deposited in the Debtor's DIP Tax Checking Account a sum sufficient to pay all Related Taxes regarding such payroll.

10. **Accounting and Reporting.** The Debtor shall at all times (a) sequester, segregate and account for all Cash Collateral that comes into its possession, custody or control, (b) keep and provide on a periodic basis (no less than monthly) records reasonably sufficient to determine the status of Cash Collateral collections and expenditures, (c) provide to senior secured lenders with copies of the monthly operating reports filed with this Court and with the Office of the United States Trustee; and shall provide BofA with a report of receipts and disbursements every fifteen (days) commencing from the date on which this Order is entered and for so long as this Order shall remain in effect.

11. **Insurance.** To the extent that it remains necessary and appropriate, the Debtor shall insure the Pre-Petition Collateral and the Post-Petition Collateral against all risks to which it may be exposed, including loss, damage, fire, theft and all other such risks, in an amount not less than the fair market value of such collateral, with such insurance providers, and under such policies, and in such form as is appropriate for a business of a type similar to the Debtor using sound business judgment. The Debtor may pay the premiums necessary to reinstate its prepetition insurance.

12. **Failure of Adequate Protection.** The terms and conditions of this Order are intended to provide each creditor with a perfected pre-petition security interests with adequate protection for its interests in the property of the Debtor.

13. **Events of Default.** Each of the following shall constitute an "Event of Default" under this Order:

    a. The occurrence of any material breach, default or non-compliance with the terms of this Order;

    b. Conversion of this Chapter 11 case to a case under Chapter 7; and

    c. Appointment of a trustee in this Chapter 11 case.

14. **Termination.** The Debtor's authority to use cash collateral shall terminate, and shall no longer be subject to the terms of this Interim Order,

    a. Upon payment to such secured creditor of all sums due and owing from the Debtor to such secured creditor, including such attorneys fees, expenses and interest as the parties may agree upon or this Court shall order, pursuant to 11 U.S.C. §§ 503 or 506;

    b. Upon confirmation by the Debtor of a Plan of Reorganization in this case; or

    c. January 10, 2017;

Notwithstanding the deadlines set out above, this Order, and all provisions of this Order other than those pertaining to (i) the amount and character of the Debtor's expenditures; and (ii) the Debtor's reporting requirements, shall remain in full force and effect.

15. **Effect of Modification, Vacation or Stay.** If any provision of this Order is hereafter modified, vacated or stayed, such modification, vacation or stay shall not (i) affect the validity or authority of the Debtor's use of Cash Collateral under this Interim Order prior to such time, or (ii) affect the validity, priority or enforceability of the security interests and liens granted the senior secured lender for such use, prior to the effective date of such modification, vacation or stay.

16. **Notice of Hearing on Entry of Final Order Authorizing the Use of Cash Collateral.** Notice is herewith given to all parties that a hearing shall take place before this Court in **Courtroom** of the Richard Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303 on **January , 2017 at** to consider the entry of a final order authorizing the Debtor to use cash collateral. Any person wishing to object to the entry of a final order authorizing the Debtor to use cash collateral should file a written objection with the Clerk of the United States Bankruptcy Court for the Northern District

of Georgia at Room 1340, Richard Russell Federal Building, 75 Ted Turner Drive, Atlanta, Georgia 30303, or online through ECF on or before_____. Any party filing such an objection shall appear at the hearing on _____ to advocate said objection, or the objection may be denied without further hearing.  Counsel for the Debtor shall serve this Order via first class United States Mail upon all creditors and parties in interest in this case and shall file a certificate of service evidencing same with this Court.

**END OF DOCUMENT**

Prepared and Presented By:

LAW OFFICES OF HENRY F. SEWELL JR., LLC
By:  */s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Law Offices of Henry F. Sewell, Jr., LLC
Suite 200, 3343 Peachtree Road NE
Atlanta, GA 30326
(404) 926-0053
hsewell@sewellfirm.com
Proposed Counsel for the Debtor

17