# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 16-72113-JWC |
| D & N ELECTRIC, A CARTER BROTHERS COMPANY, | CHAPTER 7 |
| Debtor. | |
| IN RE | CASE NO. 18-61490-JWC |
| CARTER BROTHERS SECURITY, SERVICES, LLC. | CHAPTER 7 |
| Debtor. | |
| Tamara Ogier, as Chapter 7 Trustee for the Estate of D&N Electric, A Carter Brothers Company And Robert Trauner, as Chapter 7 Trustee for the Estate of Carter Brothers Security Services, LLC, | |
| Plaintiffs. | |
| v. | Adversary Proceeding No. _____ |
| FIA Card Services, N.A. and Bank of America, N.A. | |
| Defendant. | |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS

4852-1520-14351

NOW COMES Tamara Miles Ogier and Robert Trauner, Trustees in the above-captioned Chapter 7 proceedings (the "Trustees"), by and through their counsel of record and bring this Complaint to Avoid and Recover Transfers (the "Complaint") made to and against the above styled defendants FIA Card Services, N.A. ("FIA") and Bank of America, N.A. ("BOA")(collectively "Defendants"), as follows:

**JURISDICTION AND VENUE**

1.

This Adversary Proceeding arises out of and is related to the above-styled case pending before this United States Bankruptcy Court; therefore, this Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334.

2.

This Adversary Proceeding is brought pursuant to 11 U.S.C. §§ 510, 548, 544 and 550 of the United States Code (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3.

This Complaint is a core proceeding pursuant to 28 U.S.C. §157.

4.

Pursuant to an Order styled In re Jurisdiction of the United States Bankruptcy Court for the Northern District of Georgia, dated July 12, 1984, entered by the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §157(a), this Adversary Proceeding is referred to this Court.

5.

Venue of this Adversary Proceeding in this district is proper pursuant to 28 U.S.C. §1409(a).

**THE PARTIES AND TRANSFERS**

6.

D & N Electric, A Carter Brothers Company ("D & N") commenced a voluntary Chapter 11 proceeding on or about December 11, 2016. Tamara Miles Ogier was appointed as the Chapter 11 Trustee on or about June 26, 2018 (the

"D&N Trustee"). The case converted to one under Chapter 7 on or about August 30, 2018. Tamara Miles Ogier continues to serve as the Chapter 7 Trustee.

7.

Carter Brothers Security Services, LLC, ("CBSS") commenced a voluntary Chapter 7 proceeding on or about July 10, 2018. Robert Trauner is the duly appointed Chapter 7 Trustee of CBSS (the "CBSS Trustee"). CBSS ceased operations on or before June 1, 2016.

8.

D&N and CBSS are affiliates by virtue of common ownership, management and control. Furthermore, as of December 2013, CBSS owns 60% of the outstanding shares of D&N. 11 U.S.C. § 101(2).

9.

John Carter, hereinafter referred to as "Carter", was the principal and exercised ownership and control over the D&N and CBSS entities. Carter owned 99% of CBSS and used this ownership and control to in turn control transactions of D&N. Carter was an insider within the meaning of 11 U.S.C. § 101.

10.

FIA Card Services, N.A. is a wholly-owned subsidiary of Bank of America Corporation headquartered in Charlotte, North Carolina. FIA is, however, a separate corporate entity that issues an independent credit card. FIA issued credit cards to both of the above-styled debtors, which were separately invoiced to D&N and CBSS. BOA has filed a proof of claim in the D&N bankruptcy case predicated on the FIA credit card claims, at claim no. 67-1. Furthermore, BOA asserts in said proof of claim, without elaboration, that it is the successor in interest to FIA's claims. The FIA/BOA claims based on the credit card transactions described herein are general unsecured claims, having no security interests, guarantees, cross collateralization or otherwise. Neither BOA nor FIA have filed claims in the CBSS bankruptcy case.

11.

From October 20, 2014 through July 29, 2016, Carter caused D&N to pay credit card debts of his company CBSS, which were owed to FIA/BOA. These payments took the form of ACH transfers and checks, totaling $585,717.89. A list of the transfers at issue is attached hereto as Exhibit "A". These debts were invoiced by FIA/BOA directly to CBSS based on debts incurred by CBSS, and yet

were paid by D&N. These transactions were part of a pattern or practice of transactions intended to benefit Mr. Carter, personally, by virtue of his ownership of CBSS and use of company assets to fund his own personal obligations and lifestyle.

12.

From the beginning of 2014, through the petition dates for these entities, Mr. Carter caused D&N and CBSS to pay one another's debts, moved assets and liabilities between companies, characterized transactions as debt or equity without seeming explanation and otherwise has disregarded the corporate form associated with those entities under his management and control. Furthermore, Mr. Carter caused these debtors to enter into "management" contracts with other of his solely owned companies, whereby Mr. Carter caused the debtors to pay his companies several million dollars more. Finally, Mr. Carter has caused company assets in the form of receivables, investment accounts and other assets to be transferred to his name, personally, diverting the assets from the creditors of these estates pursuant to the same pattern or practice underlying the facts stated in this Complaint. Mr. Carter caused these debtors to engage in a series of transactions and transfers of monies in a pattern of payments indicative of fraudulent transactions intended to benefit Mr. Carter's personal interests at the expense of the creditors of both debtors.

13.

Upon information and belief, CBSS ceased operations in or about June of 2016 and existed thereafter solely as a shell company used for its various minority owned business certifications. However, even after it ceased operations, Mr. Carter liquidated the company assets (transferring them to himself) and continued to cause CBSS to pay his own debts, luxury items, golf and country club memberships and several late model Mercedes automobiles, for example. As part of that shareholder transaction referenced in paragraph 8, above, CBSS has alleged in pre-petition litigation that D&N former shareholders misrepresented its debts and that D&N was insolvent as of December of 2013. Both D&N and CBSS were further rendered insolvent following numerous transactions engineered by Defendant Carter, including the transactions described herein. Pursuant to the Trustees' own investigations and forensic analysis, D&N was insolvent from at least March of 2014 through its petition date.

14.

By virtue of a series of tolling agreements between the Trustees and FIA/BOA, the parties attempted to exchange information and reach a resolution of the issues raised in this Complaint. The last tolling agreement, dated October 22, 2019 [Docket Entry No. 245], expires on December 26, 2019. The effort towards settlement was not successful. Accordingly, the Trustees' claims asserted herein are timely. The Trustees require an accounting from FIA/BOA concerning the transactions described herein and any other funds transferred to FIA/BOA by these debtors as well as affiliates and insiders.

**THE TRANSACTIONS AND TRANSFERS**

## COUNT I

## VOIDABLE FRAUDULENT TRANSFERS

## (BRIGHTWOOD DEFENDANTS and CARTER)

## 11 U.S.C. §548; 11 U.S.C. §550

15.

Trustees incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 15 of this Complaint.

16.

On or within two years before the Petition Date, the Debtor D&N made transfers of money or property to or for the benefit of Defendants, including the transfers described hereinabove and on Exhibit "A". To the extent the Trustees discover the existence of additional transfers to Defendants within the two years prior to the Petition Date, the Trustee intends to recover all such transfers, and this Complaint is not limited to those transfers disclosed as part of the defined term. Both debtors were insolvent at the time of the transactions described herein.

17.

FIA/BOA was not a creditor of D&N with respect to the payments described herein and on the attached Exhibit "A". Rather, those payments were made based upon the separate debts, invoiced separately, of CBSS. Carter's actions were taken with the actual intent to defraud creditors of the estates, in violation of 11 U.S.C. § 548(a)(1)(A). FIA/BOA provided no consideration to D&N by virtue of payment of CBSS' debts. Accordingly, the transfers of the funds on the attached Exhibit

"A" are also voidable pursuant to 11 U.S.C. § 548(a)(1)(B). FIA/BOA is the initial transferee of the funds identified herein. 11 U.S.C. § 550.

18.

Carter did not act in good faith, but rather engaged in a pattern or practice of fraudulent behavior intended to benefit himself and other companies under his ownership and control. By virtue of the transactions described herein, creditors and other equity holders of D&N were defrauded to the extent of the transfers of funds. FIA/BOA received payments from D&N on these CBSS debts via wire transfer and check, placing FIA/BOA on notice that the source of funds was not its account debtor. FIA/BOA was on notice of the fraudulent scheme and transactions described herein and benefitted thereby.

19.

Defendants knew or should have known that the transfers were fraudulent as to the creditors of D&N.

20.

At all times relevant hereto, Debtors were insolvent within the meaning of the Bankruptcy Code, in that the sum of their debts was greater than the fair value of their assets. 11 U.S.C. §101(32)(A).

21.

Defendant Carter caused the debtors to make the transfers described herein with the actual intent to hinder, delay, or defraud an entity to which the Debtor D&N and the Debtor CBSS was or became indebted, on or after the date that the transfers were made.

22.

At the time the D&N funds described herein were transferred, both estates intended to incur, or believed or reasonably should have believed that they would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

23.

At the time Debtor D&N made the transfers, Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

Debtor D&N was consistently losing monies to the extent of millions of dollars per year from 2014 forward.

24.

Trustees may avoid all transfers, including but not limited to those set forth expressly in this Complaint, made from debtors to FIA/BOA on or within two years before the Petition Date pursuant to 11 U.S.C. §548.

25.

Accordingly, Trustees are entitled to avoid and recover the transfers together with pre-judgment interest from the date of the Trustee's first Demand and post-judgment interest as allowed by law from the date of the entry of the judgment until paid.  11 U.S.C. §548; 11 U.S.C. §550.

WHEREFORE, the Trustees request this Court:

a) find Defendants FIA/BOA liable to the estates pursuant to 11 U.S.C. § 548(a)(1)(A) and (B), in the amount not less than $585,717.89 and enter judgment accordingly;

b) find that Defendants FIA/BOA are the initial transferee of the funds described herein, and that the Trustees may recover the sum of $585,717.89 from Defendants FIA/BOA pursuant to 11 U.S.C. § 550(a)(1);

c) grant such other and further relief as the Court deems just and reasonable.

## COUNT II

### FRAUDULENT CONVEYANCES UNDER STATE LAW

### (DEFENDANTS BRIGHTWOOD and CARTER)

O.C.G.A. §18-2-70, et. seq.; 11 U.S.C. §544; 11 U.S.C. §550

26.

Trustees incorporate by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 25 of this Complaint.

27.

On or within four (4) years before the Petition Date, the Debtors made transfers of money or property to or for the benefit of Defendants FIA/BOA, including the transfers described hereinabove. To the extent the Trustees discover the existence of additional transfers to Defendants FIA/BOA within the four (4) years prior to the Petition Date, the Trustees intend to recover all such transfers, and this Complaint is not limited to those transfers disclosed as part of the defined term.

28.

Debtor D&N received less than a reasonably equivalent value from FIA/BOA in exchange for the transfers. Debtor D&N was not obligated on the debts paid by its funds, but rather those payments benefitted another entity under the ownership and control of Carter.

29.

Defendants did not act in good faith.

30.

Defendants knew or should have known that the transfers were fraudulent.

31.

At all times relevant hereto, Debtors were insolvent.

32.

Defendant Carter caused the debtors to make the transfers with the actual intent to hinder, delay, or defraud an entity to which the debtors were or became, on or after the date that the transfers were made, indebted.

33.

At the time Defendant Carter caused the debtors to make the transfers, debtors intended to incur, or believed or reasonably should have believed that the debtors would incur, debts that would be beyond the debtors' ability to pay as such debts matured.

34.

At the time Defendant Carter caused the debtors to make the transfers, debtors were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the debtors was an unreasonably small capital. Debtor D&N received no consideration for the transfers.

35.

Trustees may avoid all transfers, including but not limited to those set forth in this Complaint made from debtors to Defendants FIA/BOA on or within four (4) years before the Petition Date pursuant to 11 U.S.C. §544 and O.C.G.A. §18-2-70, et. seq.

36.

Accordingly, Trustees are entitled to avoid and recover the transfers from Defendants FIA/BOA, jointly and severally, together with pre-judgment interest from the date of the Trustees' first demand and post-judgment interest as allowed by law from the date of the entry of the judgment until paid. O.C.G.A. §18-2-70, et. seq.; 11 U.S.C. §544; 11 U.S.C. §550.

WHEREFORE, the Trustees request this Court:

    a)     find Defendants FIA/BOA liable to the estates pursuant to O.C.G.A. §18-2-70, et. seq.; 11 U.S.C. §544 and 11 U.S.C. §550, in the amount not less than $585,717.89 and enter judgment accordingly;

    b)     grant such other and further relief as the Court deems just and reasonable.

RESERVATION OF RIGHT TO AMEND

37.

The Trustees have pled herein a pattern and practice of behavior and fraudulent conduct involving Mr. Carter, his various companies and the Defendant FIA/BOA. Those transactions described herein and listed on Exhibit "A" are a small part of the transfers making up that pattern and practice of behavior. To the extent that the Trustees discover additional transfers of monies or property to

FIA/BOA consistent with this pattern and practice of behavior, Trustees reserve the right to amend this Complaint pursuant to a requested accounting as well as other discovery should facts be discovered to justify the assertion of additional claims, including but not limited to any and all claims arising under Title 11, U.S.C. or applicable state law.  This Adversary Proceeding is intended to address, and recover, all payments consistent with the described conduct made to Defendants within the relevant time frames and Defendants are on notice of the fact that this Complaint is not limited to the specific transactions described herein. To the extent that Defendants may identify another beneficiary, Trustees will seek to amend this Complaint to recover same under 11 U.S.C. § 550.

On this date: December 23, 2019.

    MACEY, WILENSKY & HENNINGS, LLP

    /s/ Todd E. Hennings_____
    Todd E. Hennings, Bar No. 347302

5500 Interstate North Parkway
Suite 435
Atlanta, GA 30328
(404) 584-1234
(404) 681-4355- Facsimile
thennings@maceywilensky.com
Attorneys for Robert Trauner,
And Tamara Miles Ogier
Chapter 7 Trustees

**D&N Electric Company**
Analysis of Transactions (From 1 year Pre-Petition to Chapter 7)
Sorted Data - Bank of America Credit Card Payments
Petition Date: 12/11/2016    90-Day Preference Period: 9/11/2016

*Preliminary - Subject to Change - Prepared 10/16/2019, Updated 10/17/2019*

| Clear Date | Account Number | Reference Number | Name | Description | Company | Transaction Amount | Clear Date on CC Stmt | Payment Total on CC Stmt | MOR? | (Operating) D&N US Trust Acct #7285 Transaction | Notes re Other Documentation |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | | 10/20/14 | | | | |
| | | | | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | | 11/20/14 | (4,017.83) | | | |
| | | | | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | | 12/17/14 | (10,033.55) | | | D&N Paid Invoice Register shows payment of $56,840.28 on 12/17/2014. Appears it (56,840.26) may have been paid by credit card |
| | | | | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | | 01/19/15 | (56,840.26) | | | D&N Paid Invoice Register shows payment (37,257.87) of $37,257.87 on 1/19/2015 by EFT. |
| | | | | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | | 02/19/15 | (30,844.52) | | | D&N Paid Invoice Register shows payment (24,547.09) of $24,547.09 on 1/31/2015 by EFT. |
| | | | | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | | 03/19/15 | (24,547.09) | | | D&N Paid Invoice Registers shows EFT payments of $1,608.39 and $37,718.75 (39,327.14) (total of $39,327.14) on 3/19/2015. |
| | | | | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | | 04/20/15 | (7,841.38) (D) | | | (A) D&N Invoice Register shows EFT payment of $102,506.58 less credit of $410.00 on 4/20/2015. Appears to be consist of both the CBSS and D&N amount (102,096.58) due. |
| | | | | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | | 05/19/15 | (62,424.28) (A) | | | (E) D&N Paid Invoice Registers shows (75,488.86) EFT payment of $75,488.86 on 5/20/2015. |
| | | | | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | | 06/18/15 | (28,232.64) (E) | | | (C) D&N Invoice register shows EFT payments of $97,372.69 and $137,953.80, less credit of $15.08 for net of (235,311.41) $235,311.41. |
| | | | | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | | 07/20/15 | (89,568.19) (C) | | | |
| | | | | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | | 08/20/15 | (64,606.52) (B) | | | (B) D&N Invoice Register shows EFT (86,559.96) payment of $86,559.96 on 7/20/2015. |
| | | | | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | | 09/20/15 | | | | |
| | | | | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | | 10/20/15 | | | | |
| | | | | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | | 11/20/15 | | | | |

EXHIBIT A

**D&N Electric Company**
Analysis of Transactions (From 1 year Pre-Petition to Chapter 7)
Sorted Data - Bank of America Credit Card Payments
Petition Date: 12/11/2016  90-Day Preference Period: 9/11/2016

*Preliminary - Subject to Change - Prepared 10/16/2019, Updated 10/17/2019*

| Clear Date | Account Number | Reference Number | Name | Description | Company | Transaction Amount | Clear Date on CC Stmt | Payment Total on CC Stmt | MOR? | (Operating) D&N US Trust Acct #7285 Transaction | Notes re Other Documentation |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | 12/21/15 | | | | |
| 01/19/16 | 7285 | Debit | Bank of America - CC | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | (38,755.22) (2) | 01/19/16 | (38,755.22) (2) | | (38,755.22) | |
| 02/18/16 | 7285 | Debit | Bank of America - CC | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | (23,000.00) (4) | 02/18/16 | (45,379.04) (4) | | (23,000.00) | |
| 02/29/16 | 7285 | Debit | Bank of America - CC | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | (22,379.04) (4) | 02/29/16 | | | (22,379.04) | |
| 03/15/16 | 7285 | Debit | Bank of America - CC | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | (10,000.00) (6) | 03/15/16 | (15,000.00) (6) | | (10,000.00) | |
| 03/31/16 | 7285 | Debit | Bank of America - CC | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | (5,000.00) (6) | 03/31/16 | | | (5,000.00) | |
| 04/13/16 | 7285 | Debit | Bank of America - CC | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | (5,000.00) (8) | 04/13/16 | (13,000.00) (8) | | (5,000.00) | |
| 04/20/16 | 7285 | Debit | Bank of America - CC | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | (3,000.00) (8) | 04/20/16 | | | (3,000.00) | |
| 04/25/16 | 7285 | Debit | Bank of America - CC | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | (5,000.00) (8) | 04/25/16 | | | (5,000.00) | |
| 05/06/16 | 7285 | Debit | Bank of America - CC | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | (44,568.41) (10) | 05/06/16 | (74,568.41) (10) | | (44,568.41) | |
| 05/25/16 | 7285 | Debit | Bank of America - CC | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | (30,000.00) (10) | 05/25/16 | | | (30,000.00) | |
| 06/13/16 | 7285 | Debit | Bank of America - CC | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | (9,370.84) (12) | 06/13/16 | (13,870.84) (12) | | (9,370.84) | |
| 06/22/16 | 7285 | Debit | Bank of America - CC | ACH Card Payment - A/C 4070 (Tanya Pina) | Carter Brothers Security | (4,500.00) (12) | 06/22/13 | - | | (4,500.00) | |
| 07/29/16 | 7285 | Debit | Bank of America - CC | ACH Card Payment - A/C 04070 (Tina Jones) | Carter Brothers Security | (6,188.12) (14) | 07/29/19 | (6,188.12) (14) | | (6,188.12) | |
| | | | Payments by D&N Electric for Carter Brothers Security | | | (206,761.63) | | (585,717.89) | | | |
| | | | Bank of America - CC | ACH Card Payment - A/C 0415 (Tina Jones) | D&N Electric Company | | 11/20/14 | - | | | |