**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>D & N Electric, A Carter Brothers Carter Brothers Company,<br><br>    Debtors. | CASE NO. 16-72113-JWC<br><br>CHAPTER 7 |
| IN RE:<br><br>Carter Brothers Security Services, LLC,<br><br>    Debtors. | CASE NO. 18-61490-JWC<br><br>CHAPTER 7 |

**ORDER AND NOTICE OF EVIDENTIARY HEARING**

1. An evidentiary hearing on Motions by Trustee's for Enforcement of Settlement Agreement and for Sanctions [304] and [153] will be held on **December 16, 2020 at 10:00 A.M.**, (the "Hearing") in **COURTROOM 1203**, UNITED STATES COURTHOUSE, RICHARD B. RUSSELL FEDERAL BUILDING, 75 TED TURNER DRIVE S.W., ATLANTA, GEORGIA. The Hearing will not be rescheduled except by express permission of the Court.

2. The current COVID-19 pandemic, and alterations to the Court's usual hearing procedures provide "good cause in compelling circumstances" to conduct the Hearing remotely pursuant to Rule 43(a) of the Federal Rules of Civil Procedure ("Federal Rules"), made applicable here by Rule 9017 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). Further, the Court finds that the procedures adopted herein will provide "adequate safeguards" for purposes of Federal Rule 43(a) and ensure due process of law. These procedures will (i) enable the Court to identify, communicate with, and judge the demeanor of all witnesses in real time, (ii) enable

counsel for the parties to see and hear the witness testimony, interpose objections, and communicate with the Court in real time, (iii) enable the parties, the witnesses and the Court to have simultaneous access to an identical set of pre-marked exhibits, (iv) avoid any undue influence or interference with the witnesses in connection with their testimony, and (v) preserve the ability of any witness to be represented by counsel during the proceeding, and to communicate with such counsel as the Court deems appropriate.

3. The Hearing will be conducted via WebEx, or such other platform as this Court may determine. All participants must be available on **Friday, December 11, 2020 at 11:00 am** for a test of equipment and connectivity of the call, and the Court's IT Department will contact the parties and counsel in advance to provide the necessary information as to the platform to be used and the login information necessary for the test and the scheduled hearing.

4. Counsel are hereby directed to file on the docket a lists of witnesses and exhibits which may be offered at the hearing with each exhibit filed as a separate attachment to the filing on or before **December 9, 2020**. Parties needing to supplement their list of exhibits or witnesses to be offered based on any other parties designation may do so by filing a supplemental list (with any supplemental exhibits attached separately thereto), not later than **December 14, 2020**.
Any witness list filed shall indicate for each witness whether you will call or may call the witness. Designation of a witness on a "may call" list does not obligate the party to call that witness and hence does not relieve any other party desiring to call the witness from serving a subpoena for that witness. Designation of a witness on a "will call" list obligates that party to ensure that the witness will be present, so that the other side need not subpoena a "will call" witness. Except for a witness called for impeachment or rebuttal purposes only, a party will not be permitted to call a witness omitted from that party's witness list.

2

5. Remote Witness Testimony. Having found "good cause in compelling circumstances" and "adequate safeguards," any witness called to testify at the Hearing shall testify by contemporaneous transmission from a different location into the courtroom (each a "Remote Witness").

a. All Remote Witnesses shall be placed under oath and their testimony shall have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn and testified in open court.

b. Each Remote Witness shall provide their testimony from a quiet room and must situate themselves in such a manner as to be able to both view the video feed and be seen by the Court.

c. While the Remote Witness is sworn and testifying: (i) no person may be present in the room from which the Remote Witness is testifying, (ii) the Remote Witness may not have in the room any documents except the exhibits submitted by the parties pursuant to Paragraph 4 above, and (iii) may not communicate with any other person regarding the subject of their testimony, by electronic means or otherwise. If the witness or their counsel seek to communicate with one another, either shall openly request a recess for such purpose. If such request is granted by the Court, the witness and their counsel may privately confer "offline," i.e., by telephonic means that are not transmitted to the other parties.

6. Courtroom Formalities. Although conducted using telephonic and videoconferencing technologies, the Hearing constitutes a court proceeding. No person shall record—from any location or by any means—the audio or video of the Hearing. The audio recording created and maintained by the Court shall constitute the official record of the Hearing. Further, the formalities of a courtroom shall be observed. Counsel and witnesses shall dress

appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court and its proceedings.

7. If the parties determine that, by reason of settlement or other good cause, the matter should not be heard, which determination shall be subject to Court approval, counsel are directed to notify the Court immediately in order that the time set aside for the instant hearing may be assigned to other litigants, since all cases in the Court are specifically set to commence on a date certain.

At Atlanta, Georgia, this **20th** day of **November, 2020**.

_____
JEFFERY W. CAVENDER
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF MAILING

Pursuant to Fed. R. Bank. P. 9022, I certify that on the date stated below, I served a copy of the foregoing **ORDER AND NOTICE OF ASSIGNMENT OF EVIDENTIARY HEARING** on each of the persons and entities named below by United States Mail at the respective addresses shown:

**Todd E. Hennings**
Macey, Wilensky & Hennings, LLP
Suite 435
5500 Interstate Parkway North
Atlanta, GA 30328

**Robert Trauner**
P. O. Box 421025
Atlanta, GA 30342

**Tamara Miles Ogier**
Ogier, Rothschild & Rosenfeld PC
P. O. Box 1547
Decatur, GA 30031

**Aaron Charles Brownell**
US Department of Justice Tax Division
P.O. Box 14198
Washington, DC 14198

**Edward F. Danowitz**
Danowitz Legal, P.C.
300 Galleria Parkway, SE
Suite 960
Atlanta, GA 30339-5949

**Will B. Geer**
Wiggam & Geer, LLC
Suite 1150
50 Hurt Plaza SE
Atlanta, GA 30303

**John Carter**
337 Broadmoor Way
McDonough, GA 30253

5

**Alison Bauer**
Foley Hoag LLP
1301 Avenues of the Americas
New York, NY 10019

**Thomas Wayne Dworschak**
Office of the U. S. Trustee
Room 362
75 Ted Turner Drive, SW
Atlanta, GA 30303

_____
Monique Chapple
Courtroom Deputy to Judge Cavender
Date: November 20, 2020